U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AUGUSTO DIAS MOREIRA,<br>Petitioner<br><br>VERSUS<br><br>ALBERTO GONZALES, et al.,<br>Respondents | CIVIL ACTION<br>SECTION "P"<br>NO. CV-A 05-0588<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Augusto Dias Moreira ("Moreira") on August 8, 2003, in the District of Connecticut,[1] and transferred to the Western District of Louisiana on April 4, 2005. Moreira also filed a similar action in the Northern District of Alabama on May 5, 2004,[2] which was transferred to the Fifth Circuit Court of Appeals on June 30, 2005, in accordance with the REAL ID Act of 2005. That petition was denied by the Fifth Circuit on August 4, 2005, and the stay was thereby lifted;[3] the Supreme Court denied Moreira's petition for writ of certiorari on June 26, 2006.

Moreira, a native and citizen of Cape Verde, was admitted to the United States in 1991 as an immigrant (he was a minor at that

---

[1] Moreira v. Ashcroft, Case No. 03CV1376 (Dt. Conn. 2003).

[2] Moreira v. Ashcroft, Case No. 04CV1086 (N.Dt. Ala. 2004).

[3] The Fifth Circuit denied Moreira's motion for a stay of deportation at the same time it denied his habeas petition.

time), and ordered removed by an Immigration Judge for the Immigration and Customs Service ("ICE") in 2001 for commission of two unrelated crimes involving moral turpitude (Doc. Item 3, Ex.). Moreira is contesting his continued detention and removal order, contending:

> 1. Moreira's continued detention under the mandatory detention provision of Section 236(e) of the Act is unlawful and unconstitutional under the Supreme Court's mandate in Kim v. Demore, since he has been detained for over one year and did not concede to removability.
>
> 2. Moreira's conviction for larceny of a motor vehicle under Massachusetts general laws Ch. 266, § 28 is neither a theft offense nor a crime involving moral turpitude, as it occurs under a divisible statute.
>
> 3. Moreira's conviction for malicious damage to property does not involve moral turpitude as the record of conviction fails to demonstrate that evil intent was inherent in the offense.
>
> 4. Whether Moreira's conviction for malicious damage of property falls withing the "petty offense exception" and whether that offense should preclude him from the accrual of the seven years continuous domicile for cancellation of removal purposes.

Issues 2 through 4 were ordered transferred to the Fifth Circuit Court of Appeals, pursuant to the REAL ID Act, for lack of jurisdiction. See 8 U.S.C. § 1252(a). The sole issue before this court whether Moreira's continued detention is proper or whether Moreira is entitled to release pending removal and/or a hearing to determine whether he is a flight risk or a danger to society.

Moreira contends his continued detention under the mandatory detention provision of Section 236(e) of the Act (8 U.S.C. §

1226(c)) is unlawful and unconstitutional as applied to permanent resident aliens, under the Supreme Court's mandate in <u>Kim v. Demore</u>, since he has been detained for over one year and has not conceded to removability. Moreira contends he is entitled to an individualized hearing to determine whether he poses a risk of flight or a danger to society. The Respondent contends the presumptively reasonable six month detention period, under <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001), will not begin to run until the stay is lifted. However, since the stay was lifted when the Fifth Circuit denied Moreira's petition in August 2005,[4] Moreira has now been detained by the Respondent in excess of six months. Therefore,

IT IS ORDERED that Respondents address this issue in a brief to be filed no later than July 31, 2006.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 7th day of July, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[4] It was implicit in the stay order that the case be stayed pending a ruling by the Fifth Circuit on Moreira's petition. Since a judgment has issued, the stay no longer has any force and effect. See 8 U.S.C. § 1252(b)(3)(B).