U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 0 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AUGUSTO DIAS MOREIRA,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV-A 05-0588 |
| VERSUS | |
| ALBERTO GONZALES, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Augusto Dias Moreira ("Moreira") on August 8, 2003, in the District of Connecticut,[1] and transferred to the Western District of Louisiana on April 4, 2005. Moreira also filed a similar action in the Northern District of Alabama on May 5, 2004,[2] which was transferred to the Fifth Circuit Court of Appeals on June 30, 2005, in accordance with the REAL ID Act of 2005. That petition was denied by the Fifth Circuit on August 4, 2005, and the stay was lifted;[3] the Supreme Court denied Moreira's petition for writ of certiorari on June 26, 2006.

Moreira, a native and citizen of Cape Verde, was admitted to the United States in 1991 as an immigrant (he was a minor at that time), and ordered removed by an Immigration Judge for the

---

[1] Moreira v. Ashcroft, Case No. 03CV1376 (Dt. Conn. 2003).

[2] Moreira v. Ashcroft, Case No. 04CV1086 (N.Dt. Ala. 2004).

[3] The Fifth Circuit denied Moreira's motion for a stay of deportation at the same time it denied his habeas petition.

Immigration and Customs Service ("ICE") in 2001 for commission of two unrelated crimes involving moral turpitude (Doc. Item 3, Ex.). Moreira is contesting his continued detention and removal order, contending:

> 1. Moreira's continued detention under the mandatory detention provision of Section 236(e) of the Act is unlawful and unconstitutional under the Supreme Court's mandate in Kim v. Demore, since he has been detained for over one year and did not concede to removability.
>
> 2. Moreira's conviction for larceny of a motor vehicle under Massachusetts general laws Ch. 266, § 28 is neither a theft offense nor a crime involving moral turpitude, as it occurs under a divisible statute.
>
> 3. Moreira's conviction for malicious damage to property does not involve moral turpitude as the record of conviction fails to demonstrate that evil intent was inherent in the offense.
>
> 4. Whether Moreira's conviction for malicious damage of property falls withing the "petty offense exception" and whether that offense should preclude him from the accrual of the seven years continuous domicile for cancellation of removal purposes.

On May 11, 2005, the Real ID Act of 2005 (the "Act") was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. Section 106 of the Act amended 8 U.S.C. § 1252(a) by providing that the courts of appeals shall have exclusive jurisdiction over most cases, as follows:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be

the sole and exclusive means for judicial review of an
order of removal entered or issued under any provision of
this Act, except as provided in subsection (e). For
purposes of this Act, in every provision that limits or
eliminates judicial review or jurisdiction to review, the
terms "judicial review" and "jurisdiction to review"
include habeas corpus review pursuant to section 2241 of
title 28, United States Code, or any other habeas corpus
provision, sections 1361 and 1651 of such title, and
review pursuant to any other provision of law (statutory
or nonstatutory).

8 U.S.C. § 1252(a)(5).

Section 106 of the Act provides for the transfer of cases to the appropriate court of appeals:

(c) TRANSFER OF CASES.--If an alien's case, brought
under section 2241 of title 28, United States Code, and
challenging a final administrative order of removal,
deportation, or exclusion, is pending in a district court
on the date of the enactment of this division, then the
district court shall transfer the case (or the part of
the case that challenges the order of removal,
deportation, or exclusion) to the court of appeals for
the circuit in which a petition for review could have
been properly filed under section 242(b)(2) of the
Immigration and Nationality Act (8 U.S.C. 1252), as
amended by this section, or under section 309(c)(4)(D) of
the Illegal Immigration Reform and Immigrant
Responsibility Act of 1996 (8 U.S.C. 1101 note). The
court of appeals shall treat the transferred case as if
it had been filed pursuant to a petition for review under
section 242, except that subsection (b)(1) of such
section shall not apply. P.L. 109-13, Division B, §
106(c). Upon transfer, the habeas corpus petition is
treated as if it has been originally filed as a petition
for review.

Thus, the Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the Real ID Act, Pub.L. 109-13, and further provides that habeas cases "challenging a final

administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). As indicated in the legislative history of the Act, those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005). Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005).

Moreira's Section 2241 habeas corpus petition challenges his order of removal in grounds numbers 2, 3, and 4. Accordingly, Moreira's petition must be transferred to the Fifth Circuit Court of Appeals for consideration of those claims. This court will retain and review Moreira's challenge to his detention, set forth in ground number 1.

FOR THE REASONS STATED ABOVE, the Real ID Act, Pub.L. No. 109-13 § 106, 119 Stat. 231 (2005), divested this Court of jurisdiction over Petitioner's habeas suit as of May 11, 2005. Accordingly, the instant petition for a writ of habeas corpus is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit for review of claims 2, 3, and 4.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana, on this 10 day of July, 2006.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE