RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  11/2/06
BY  ___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AUGUSTO DIAS MOREIRA,<br>Petitioner | CIVIL ACTION<br>NO. CV05-588-A |
| VERSUS | |
| ALBERTO GONZALES, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Augusto Dias Moreira ("Moreira") on August 8, 2003, in the District of Connecticut,[1] and transferred to the Western District of Louisiana on April 4, 2005.

Moreira, a native and citizen of Cape Verde, was admitted to the United States in 1991 as an immigrant (he was a minor at that time). In 2001, Moreira was ordered removed by an Immigration Judge for the Immigration and Customs Service ("ICE") for commission of two unrelated crimes involving moral turpitude (Doc. Item 3, Ex.). Moreira is contesting his continued detention and the removal order, contending:

> 1. Moreira's continued detention under the mandatory detention provision of Section 236(e) of the Act is

---

[1] Moreira v. Ashcroft, Case No. 03CV1376 (Dt. Conn. 2003).

unlawful and unconstitutional under the Supreme Court's mandate in <u>Kim v. Demore</u>, since he has been detained for over one year and did not concede to removability.

2. Moreira's conviction for larceny of a motor vehicle under Massachusetts general laws Ch. 266, § 28 is neither a theft offense nor a crime involving moral turpitude, as it occurs under a divisible statute.

3. Moreira's conviction for malicious damage to property does not involve moral turpitude as the record of conviction fails to demonstrate that evil intent was inherent in the offense.

4. Whether Moreira's conviction for malicious damage of property falls within the "petty offense exception" and whether that offense should preclude him from the accrual of the seven years continuous domicile for cancellation of removal purposes.

Issues 2 through 4 were ordered transferred to the Fifth Circuit Court of Appeals pursuant to the REAL ID Act. See 8 U.S.C. § 1252(a). Thus, the sole issue before this court is whether Moreira is entitled to release pending removal. It is noted that, at the time Moreira filed his petition in Connecticut, a final order had not yet been entered in his case (See Doc. Item 38); thus, Moreira argued he should be afforded a hearing and released pursuant to <u>Kim v. Demore</u>. However, since that time, a final order of removal has been entered in Moreira's case,[2] so <u>Kim v. Demore</u> is no longer applicable. As recognized by the parties in their in latest briefs (Doc. Items 43,45), <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001), applies to aliens who are subject to final

---

[2] The BIA dismissed Moreira's appeal on August 20, 2003 (Doc. Item 43, Ex. 1).

2

orders of removal.[3]

This court found the stay of removal ordered by the United States District Court in Connecticut was invalid for lack of jurisdiction.[4] Therefore, the <u>Zadvydas</u> issue is currently before

---

[3] The court also notes with interest the reasoning in the very similar case of <u>Alafyouny v. Chertoff</u>, 2006 WL 1581959 (N.D.Tex. May 19, 2006). But for the fact that the stay order in this case is void, the factual circumstances in both cases appear to be the same.

[4] It appears that Moreira has filed at three habeas petitions contesting his removal order, numbers 03-1376/05-588/06-60654, 04-60001, and 04-1086/05-60658. From the limited information available, the following is a time line of Moreira's filings:

| Date | Event |
|---|---|
| August 8, 2003 | Petition filed in District of Connecticut (**03-1376**) |
| October 9, 2003 | Dt. Connecticut ordered stay of removal pending review of petition on merits (**03-1376**) |
| January 5, 2004 | Moreira's habeas petition and motion for stay of removal in unidentified Second Circuit Court of Appeals case transferred to the Fifth Circuit (**No. 04-60001**) |
| February 12, 2004 | Dt. Conn. (**03-1376**) ordered case transferred to Western District of Louisiana on government's motion to dismiss |
| February 27, 2004 | Moreira appealed in the Second Circuit Court of Appeals concerning the Dt. Connecticut's order transferring petition in **03-1376** to the W.Dt. Louisiana |
| March 4, 2004 | Fifth Circuit dismissed Moreira's habeas petition (**No. 04-60001**) and denied Moreira's motion for stay of removal |
| May 25, 2004 | Petition filed in Middle District of Alabama (**04-1086**) |
| July 6, 2004 | 2d Circuit denied appeal and returned case **03-1376** to the Dt. Connecticut |
| February 1, 2005 | Moreira filed petition for certiorari in U.S. Supreme Court in **05-60658** |

3

this court for consideration.

## Law and Analysis

Moreira contends his continued detention is unreasonable under <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001), since there is no significant likelihood that he will be removed to Cape Verde in the reasonable foreseeable future. The Respondent argues the presumptively reasonable 6 month detention period set forth in <u>Zadvydas</u> has not begun to run because the stay of removal has never been lifted.

| | |
|---|---|
| March 21, 2005 | Dt. Conn. case (03-1376) transferred to the W.Dt. of La. (05-0588) |
| June 30, 2005 | M.Dt. of Alabama (04-1086) transferred removal claims to Fifth Circuit Court of Appeals (case no. 05-60658) and dismissed the detention issue as premature |
| August 4, 2005 | Fifth Circuit in <u>Moreira v. Gonzales</u>, Doc. No. 05-60658 (5th Cir. 2005) (05-60658) denied Moreira's motion for stay of removal and dismissed his petition for review for lack of jurisdiction. |
| September 19, 2005 | Moreira filed motion for reconsideration of his motion for stay of removal and denial of petition for review by Fifth Circuit (05-60658) |
| November 3, 2005 | Fifth Circuit denied motion for reconsideration (05-60658) |
| December 13, 2005 | Moreira appealed Alabama court's (04-1086) dismissal of his petition to the 11th Circuit (**case no. 05-16843**) - the detention issue is currently pending |
| July 5, 2006 | Moreira's petition for certiorari was denied by U.S. Supreme Court (05-60658) |
| July 10, 2006 | Petition for review in case 05-0588 transferred from W.Dt. Louisiana to the Fifth Circuit (**06-60654**), but detention issue remained in W.Dt. Louisiana |

4

Moreira has shown he has been detained more than the presumptively reasonable 6 month period set forth in Zadvydas.[5] Moreira argues there is no significant likelihood of his removal in the reasonably foreseeable future since the Cape Verde consulate advised ICE it would not accept Moreira for repatriation because he no longer has any family in Cape Verde; Moreira also contends that his case has been "under review" by Cape Verde since 2004, and it has never agreed to issue travel documents. Since Moreira has met his initial burden under Zadvydas of providing *good reason to believe* there is no significant likelihood of removal in the reasonably foreseeable future, the government now has the burden of *producing evidence* to rebut Moreira's contentions. Since Moreira

---

[5] Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." After six months, however,

> "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. ... This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Zadvydas, 121 S.Ct. at 2505.

contends he has been detained by USICE since April 2001, what will now be considered as the "reasonably foreseeable future" is a relatively short time.

The Respondent argues in brief (Doc. Item 51) that this court should give deference to the decision and expertise of the Executive Branch to detain Moreira. However, the Supreme Court's instructions in <u>Zadvydas</u> are quite clear - since Moreira has been detained more than six months, the government has the burden of *producing evidence* to show Moreira's continued detention is reasonable. The government has not done this, instead relying only on a brief. In that brief, the government contends

> "USICE has undertaken further efforts to obtain a travel document for Petitioner's return to his native Cape Verde. It can only be represented to this Court at this time that, based upon information received as late as the afternoon of Friday, September 15, 2006, from Deportation Officer Randal Morton, contact with the Cape Verde Consulate, Boston, Massachusetts, has resulted in Deportation Officer Morton being advised by a Cape Verde Consulate official that a travel document for Petitioner may issue and that another telephonic interview of Petitioner by Cape Verde Consulate officials is anticipated by USICE officials to be conducted on Thursday, September 21, 2006, or Friday, September 22 2006. Once Petitioner has been interviewed, the matter of the potential issuance of a travel document and Petitioner's potential removal from the United States, in light of the earlier rulings of this Court that the previous stay of Petitioner's removal is not valid, can be more readily addressed."

In the case at bar, there is a copy of the forms from Moreira's removal proceedings (Doc. Item 3), the immigration judge's decision (Doc. Item 3), and an April 3, 2006 "Decision to

Continue Detention" (Doc. Item 43). In the Decision to Continue Detention, the deciding officer stated Moreira's detention was based on the stay of removal and does not indicate that any efforts were being made to remove Moreira (Doc. Item 43). That is the only evidence in the record before this court. Despite the fact that this court has twice asked the Respondent to produce evidence on the Zadvydas issue (Doc. Items 39, 48), the Respondent has failed to cooperate with this court. There is still no evidence filed into the record as to any efforts being made by the respondent to remove Moreira and the results of such efforts; appropriate and customary evidence in such a case would be an affidavit from the deportation officer in charge of Moreira's case and copies of correspondence with the Cape Verde consulate. Moreover, the Respondent has failed to update its submissions with evidence of the result of the September conference alluded to in the brief.

It is clear the Respondent has failed to carry its burden of proving by competent evidence that Moreira's continued detention pending his removal from the United States is justified. Therefore, Moreira should be released from detention pending removal from the United States.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Moreira's petition for writ of habeas corpus be GRANTED and that Moreira be RELEASED FROM CUSTODY WITHIN TWENTY (20) DAYS FROM THE

DATE OF JUDGMENT. Moreira's release may be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and he may, of course, be returned to custody upon violation of those conditions.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this ____ day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE